Timothy **HARRINGTON**

v.

**BUILDING SYSTEMS, INC.** and Richard and Debra **White.**

Nos. 94–353–Appeal, 94–253–Appeal.

Supreme Court of Rhode Island.

April 13, 1995.

Douglas Rose, Woonsocket.

Joseph Raheb, Lincoln.

## ORDER

This matter came before the Supreme Court on April 4, 1994 pursuant to an order directing both parties to appear and show cause why the issues raised in their appeals should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. Therefore, the issues presented should be summarily decided.

The defendants, Building Systems, Inc. and Debra and Richard White, appeal the trial justice's granting of a permanent injunction against them and in favor of the plaintiff, Timothy Harrington (plaintiff). The plaintiff appeals the trial justice's granting of a stay of the permanent injunction pending appeal.

It is undisputed that plaintiff possesses a 50 foot wide easement over a plot of land presently owned by the Whites. The lots presently owned by both plaintiff and the Whites were once part of a large tract of land owned by Honorius and Yvonne Baril, who eventually surveyed and plotted the property into lots. Hence, the plaintiff in the instant case derived his title from a common grantor of both the dominant and servient estates.

What is now disputed is whether the following language creating the easement allowed plaintiff to gain access through the easement to utilities carried in, over and on Douglas Drive:

> "Together with a right of way over a proposed street fifty (50) feet wide from Douglas Drive to Tower Hill Road as granted to these Grantors by instrument dated October 6, 1960 ... with right to pass on foot and with vehicles on said right of way."

The trial justice found the above grant created a right of way that encompassed reasonable access to public utilities on Douglas Drive.

We are of the opinion that the trial justice was correct in construing the above quoted language so as to include a right to access utilities. It is well recognized that an owner of burdened land may not act in such a way that will prevent the owner of the easement from making full use of his right of way. *Vallone v. City of Cranston, Department of Public Works,* 97 R.I. 248, 256–57, 197 A.2d 310, 315 (1964). We believe that if the defendants' narrow interpretation of the easement allowing only pedestrian and vehicle passage was upheld, we would be impermissibly preventing the plaintiff from making full use of the right of way. Furthermore, even if we adopted this narrow interpretation, we are of the opinion that an easement of necessity for utilities would exist through the servient estate.

With respect to plaintiff's appeal of the trial justice's stay of the permanent injunction pending appeal, we are of the opinion that plaintiff's remedy is to institute an independent action against the defendants for damages, if any, resulting from the stay. We reach this conclusion because neither plaintiff's original complaint nor his amended complaint contained any reference to damages that would be sustained if a stay were imposed.

Consequently, the appeals of both the defendants and the plaintiff are denied and dismissed.